**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-7519**

———————————

RAY A. WILLIAMS,

                    Petitioner – Appellant,

          v.

MCKITHER BODISON,

                    Respondent – Appellee.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:09-cv-02695-HFF)

———————————

Submitted:  December 9, 2010       Decided:  December 28, 2010

———————————

Before WILKINSON, SHEDD, and WYNN, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Ray A. Williams, Appellant Pro Se.  Donald John Zelenka, Deputy
Assistant Attorney General, Alphonso Simon, Jr., OFFICE OF THE
ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina,
for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray A. Williams seeks to appeal the district court's order adopting the recommendation of the magistrate judge and dismissing as untimely his 28 U.S.C. § 2254 (2006) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on June 15, 2010. The notice of appeal was filed on October 6, 2010.[*] Because Williams failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

materials before the court and argument would not aid the decisional process.

DISMISSED